CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED

2012 APR 30 PM 1:35

DEPUTY CLERK

UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABLIENE DIVISION

| | | |
|---|---|---|
| DEBBIE CHAMNESS<br>Complainant/Plaintiff | § | |
| | § | CAUSE NO: 1-12CV-072-C |
| | § | |
| vs. | § | |
| | § | |
| GEO GROUP, INC.<br>Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, DEBBIE CHAMNESS, Complainant/Plaintiff, by and through her Attorney, Gerald K. Fugit, and complaining of GEO GROUP, INC., and would state to the Court as follows, to wit:

## PARTIES

1. DEBBIE CHAMNESS is a residence of Big Spring, Howard County, Texas. It was in Howard County, Texas that the matter complained of took place and more specifically it is thought in the city of Big Spring, Howard County, Texas.

2. GEO GROUP, INC., operates The Big Spring Correctional Center located at 1701Apron Drive, Big Spring, Howard County, Texas 79720. The registered agent is John J. Bulfin, 621 N. W. 53rd Street, Boca Raton, Florida 33487

## JURISDICTION AND VENUE

3. Attached hereto and made a part hereof for all purposes is a certain letter dated February 17, 2012, which is the notice of suit rights. Shown herein as **Exhibit 1**.

The suit must be filed within ninety (90) days. This lawsuit has been filed within the time period.

4. Under the provisions of certain statutory sections this lawsuit is brought. The provision are as follows, to wit:

a. Title VII of Civil Rights Act.

b. Equal Pay Act

c. There maybe others that will be added.

It is not known at this time if there would be an action brought under the Equal Pay Act. This may be brought at a later time. However, the court is merely put on notice.

**FACTS**

5. The understanding herein is based on information only that GEO GROUP, INC., purchased four (4) private prisons in their operations. One of them was Big Spring Correction Center in Big Spring, Howard County, Texas. This purchase was made about August 2010.

6. GEO GROUP, INC., operates under a contractual arrangement with the Bureau of Prisons of the United States of America. Shortly after GEO GROUP, INC., took the operations of the Big Spring Howard County facility the Complainant/Plaintiff in this case it was rumored that the Defendant was going to replace DEBBIE CHAMNESS. At that time, DEBBIE CHAMNESS who had worked for the system for more than fifteen (15) years questioned Louie Escobell, the health manager, about this change. Louie Escobell assured the Complainant/Plaintiff that her job was secure.

7. When Richard Matuszczak in the medical division took over the medical department the Complainant/ Plaintiff kept hearing the change was going to occur in her job and that she was going to be terminated. At this time, approximately six (6) or seven (7) months was it ever told to the Complainant/Plaintiff that she was to be terminated.

8. On April 11, 2011, the Complainant/Plaintiff was called to the Human Resources Office of GEO GROUP, INC., and the person there gave the termination letter to DEBBIE CHAMNESS. This was a complete surprise to the Complainant/ Plaintiff. The department of Human Recourses did offer a position as a guard or as a kitchen clerk. The Complainant/ Plaintiff did not feel she could properly do the guard position and probably was not qualified for such but it was not known. The kitchen position was one half (1/2) the salary that DEBBIE CHAMNESS was making and was basically an insult.

9. There is attached hereto and made a part hereof for all purposes a letter from the Deputy Senior Warden , David G. Justice. Shown here as **Exhibit 2.** It was indicated to DEBBIE CHAMNESS that she could apply for an opening at Quality Assurance Department. At that time the Plaintiff did apply for that position, however, at no time was the Complainant/Plaintiff ever called for an interview. There were no other positions available at that time that DEBBIE CHAMNESS was qualified to do.

10. The termination date was May 4, 2011.

11. There was never offered to the Complainant/Plaintiff any kind of position

which would be compliable in which was doing and had been trained to do in another position.

12. After the termination on May 4, 2011 DEBBIE CHAMNESS applied for unemployment at that time GEO GROUP INC., tried to stop her from getting any benefits by falsely telling the State of Texas she had left her job and never returned. GEO GROUP, INC., further stated they did not know why she had not returned. Attached hereto and made a part hereof for all purposes are the pay stubs that DEBBIE CHAMNESS worked up until her termination date.

13. Prior to the time of termination the medical department including Dr. John Faquar, the doctor, of the prison called DEBBIE CHAMNESS several times that Richard Matuszczak wanted to offer the Complainant/ Plaintiff a job position back with a raise. Subsequently she did talk to Richard Matuszczak and said to call him back next week. When DEBBIE CHAMNESS tried to contact him he would never answer and/or return her calls.

14. DEBBIE CHAMNESS, Complainant/Plaintiff had been with this prison system for over sixteen (16) years and was planning to retire from the prison system. The Complainant/ Plaintiff had a good to excellent work evaluations and never abused sick leave or other benefits. DEBBIE CHAMNESS worked her way up through the prison system to a good job.

15. At the writing of this Complainant/Plaintiff's Original Complaint

DEBBIE CHAMNESS is fifty seven (57) years of age. The position that she held was Chronic Care Coordinator. What this has done to DEBBIE CHAMNESS tainted her reputation in the community. It is now almost impossible to find another job at her age. Belief based on the facts of the case that have been explained herein that DEBBIE CHAMNESS was terminated because of her age. There was no interview indicating that DEBBIE CHAMNESS would be allowed any perks in her dismissal. No pension, no indication of representation as to the good work she had done. In fact, DEBBIE CHAMNESS was turned loose like a stray dog twenty five (25) miles from home. DEBBIE CHAMNESS has never seen nor does she have knowledge of the agreement that was made with the Bureau of Prisons and GEO GROUP, INC. This is one thing that will be requested as soon as the Defendant answers this Complainant/ Plaintiff's Original Complaint.

16. Until Discovery is completed, Complainant/Plaintiff cannot give all the evidence that would show the Defendant DEBBIE CHAMNESS was dismissed because of age.

## DAMAGES

17. The statutes set out that certain elements of damages may be requested to each of the statutes mentioned previously in paragraph #4 there are provided certain damages which include but are not necessary limited to physical pain, mental anguish, physical suffering, pain and suffering, loss of wages, loss of retirement benefits, loss of insurance benefits, and additional damages. Complainant/Plaintiff requests these

damages.

18. DEBBIE CHAMNESS demands judgment in her favor on all claims and respectfully requests from the court.

19. The damages are claimed in excess of at least two hundred thousand dollars($200,000.00).

20. DEBBIE CHAMNESS demands a sufficient amount to compensation her for all damages provided by law but not limited to economic damages, and/or none economic damages and further demands as follows, to wit:

a. Actual damages

b. Comprehensive damages

c. Punitive damages

d. Exemplary damages

e. Pre- judgment/ post judgment interest

f. Usual and customary attorney's fees

g. Cost of Court to which she is entitled

21. DEBBIE CHAMNESS demands any damages, which this Court deems proper and just so that she may be satisfied under both law and in equity.

**JURY DEMAND**

22. In accordance with Federal Rules and Civil Procedure, Rule 38, DEBBIE CHAMNESS demands a trial by jury of all these issues raised in this civil action that a

trial by jury be granted.

## FOR THE COURTS EYES ONLY

## MISCULANEOUS

23. All claims and causes of action are brought by the undersigned attorney with the intention to assert such with good reason and/or good cause. In the event such claims/causes of action are in conflict with the present law of the State of Texas or the United States of America, even these claims/causes of action are not brought to harass or in a frivolous manner. The claims/causes of action and/or other legal contentions herein are warranted by existing law and/or by non-frivolous argument of the extension, modification, and/or reversal of existing law and/or the establishment of new law.

24. It is stated to the Court under the United States District Court for the Northern Division this case is in the Abilene Division. It should be brought to the attention of the Court that Ector County, Texas is not in the counties that are served in the Abilene division. This also should be brought to the attention of the Court the closest federal Court to Big Spring, Howard County, Texas, is Midland, Midland County, Texas is in the Western division. The undersigned counsel lives in Odessa, Ector County, Texas, which is one hundred sixty eight (168) miles to the Court house in Abilene, Texas. It is only eighteen (18) to twenty (20) miles to the Courthouse in Midland, Midland County, Texas. There is a major airport in Midland, Midland

County, Texas which would be more conducive to travel by Defense counsel if it comes from Houston, San Antonio, Ft Worth, or Dallas. There will be filed a request after this Complainant/ Plaintiff's Original Complaint been served for this case to be renounced from the Northern District of Texas to the Western District of Texas.

25. It is well known with Plaintiff lawyers that the Federal Court System especially the Fifth Circuit looks with a jaundice eye. An age discrimination matter.

26. PRAYER: As stated above

Respectfully submitted,

Gerald Fugit

Gerald K. Fugit
fugitg@att.net
GERALD K. FUGIT, P.C.
Attorney at Law
412 North Texas Avenue
Odessa, Texas 79761
Tel: (432) 332-1661
Fax: (432) 335-0003
State bar No. 07501000




**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**El Paso Area Office**

300 E. Main Dr., Suite 500
El Paso, TX 79901-1331
Toll Free: 866-408-8075
Potential Charge Inquiries: 800-669-4000
TTY (915) 534-6710
FAX (915) 534-6701
http://www.eeoc.gov

**Dallas District Office**
**San Antonio Field Office**
**El Paso Area Office**

Feb 17, 2012

Debra L. Chamness
1808 Mittel Ave
Big Spring, TX 79720

RE: EEOC Charge No.: *453-2011-01047 Debra L. Chamness vs. GEO, Inc*

Dear Ms. Chamness:

This comes to advise you that we have determined to dismiss the above styled charge of employment discrimination against Respondent. Our assessment of the charge included careful consideration of all the information offered by the employer and you.

As you probably know, in 1995, our agency moved toward a more strategic enforcement approach with the adoption of new priority charge handling procedures which require our staff to make careful decisions to ensure that our available resources are focused on those charges which we believe, based on our extensive experience in interpreting the laws we enforce, are most likely to result in findings of violation or otherwise further civil rights enforcement. While reasonable persons may differ in their views of the available evidence pertaining to individual charges, the overall effect of our operational approach has been that a very large number of non-meritorious cases have been eliminated from our national workload, allowing for more timely and careful attention to other charges more likely to result in significant civil rights enforcement gains.

Our review of your charge indicates that it is very unlikely that further investigation will establish a violation of the laws we enforce. The available evidence is insufficient to establish that your age was a factor in your employment experiences. The available evidence indicates that Respondent merged with Cornell on April 2010. After the merger, Respondent conducted a review of staffing patterns and the use of personnel at the facility. Respondent's review of the medical department was intended to align the facilities existing policies and staffing with Respondent's practice and policies, as well as to ensure that all applicable standards of care were being met. Several positions were recommended to be eliminated, including your position. Federal Bureau of Prisons (BOP) approved the plan on March 29, 2011. Respondent notified you and other affected employees of the staffing changes by letter dated April 4, 2011. You submitted one application on April 21, 2011, for a position as a Compliance Administrator (QA Specialist). However, you failed to attach a resume with your application, as required. Furthermore, you were not qualified for this position. Respondent stated you did not have a bachelor's degree, and your employment with Respondent was in the health department, not corrections. Respondent stated you worked until May 4, 2011, and then simply stopped reporting to the facility. Respondent stated you abandoned your employment. Respondent stated two other employee's positions were eliminated as a result of the new staffing plan. They were Assistant Health Services Administrator Lori Gang (Age 39) and Emergency Medical Technician Justin Edwards (age 36). Respondent stated both of these employees applied for and obtained positions for which they qualified for.

Accordingly, we decline to take further action on the charge. The enclosed **Determination and Notice of Rights** represents a final determination by the U.S. Equal Employment Opportunity Commission (EEOC) and describes your right to pursue the matter by filing a lawsuit within 90 days of your receipt of the notice. If you fail to file a lawsuit within the statutory 90-day period, your right to sue in federal court will expire and cannot be restored by EEOC.

We hope this information is helpful to you.

Sincerely,

Jesse Hernandez, Investigator
El Paso Area Office

Enclosure:



EEOC Form 161 (11/09) U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Debra L. Chamness
1808 Mittel Ave
Big Spring, TX 79720

From: El Paso Area Office
300 E. Main Suite 500
El Paso, TX 79901

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 453-2011-01047 | Carolyn G. Cobb, Supervisory Investigator | (915) 534-4504 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

Jeffrey H. Zelmanow,
Area Office Director

Feb 17, 2012
*(Date Mailed)*

Enclosures(s)

cc: Bridget Robinson
Attorney at Law
Walsh, Anderson, Brown, Gallegos and Green, P.C.
PO Box 2156
Austin, TX 78768

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

April 4, 2011

GEO
The GEO Group, Inc.

Big Spring Correctional Center
1701 Apron Drive
Big Spring, Texas 79720

TEL: 432.264.0060
Fax: 432.264.6641
www.geogroup.com
djustice@geogroup.com

Debra Chamness
Big Spring Correctional Center
1701 Apron Drive
Big Spring, TX 79720

Dear Ms. Chamness,

Following the August 12, 2010 merger of The GEO Group, Inc. and Cornell Companies, a review of the Big Spring Correctional Center staffing patterns was initiated. On March 29, the Bureau of Prisons approved the new GEO authorized revised staffing plan for Big Spring Correctional Center, which eliminates the position of "Chronic Care Coordinator", replacing it with the position, "LVN Chronic Care Coordinator ".

The "LVN Chronic Care Coordinator " position requires a Clinical background in Health Care and Health Care Administration, and a current, unrestricted license to practice as Licensed Practical Nurse in the state the facility is located.

Unfortunately, you do not meet the minimum requirements for the LVN Chronic Care Coordinator position. Therefore this letter serves to inform you that your employment is terminated effective May 4th, 2011.

During your tenure with Big Spring Correctional Center, you have demonstrated high work ethics, loyalty and professionalism. Your commitment to this institution is a credit to you and an example for others to follow.

If you are interested in transfer to another position at Big Spring Correctional Center or another GEO Group, Inc. facility, please apply on line at http://geogroup.com/Opportunities.asp and you will be recommended for positions for which you qualify.

Sincerely,
The GEO Group

David G. Justice
Senior Warden

CC: Paul Haberling, DWA
Connie Danley, Regional Health Services Director
Danny Boyd, Corporate Health Services Director
Louie Escobell, Regional Health Services Manager
BSCC Human Resources






Gerald K. Fugit
Attorney at Law
412 North Texas Avenue
Odessa, Texas 79761-5198

**Tel: (432) 332-1661** **Fax: (432) 335-0003**

April 27, 2012

**Sent via U.S. Mail**
United States District Court's Clerk
341 Pine Street, 2008
Abilene, Texas 79601

Transmitted herewith is the following, to wit:

1. Civil Coversheet

2. Certificate of Interested Persons

3. Plaintiff's Original Complaint

4. (Copy) of Plaintiff's Complaint to prepare service of citation

5. My check number 4566 for $350.00 to file the lawsuit and prepare one (1) citation

Should you have any question, please contact me.

Gerald K. Fugit

GKF/cr

1-12CV-072-C

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

RECEIVED APR 3 0 2012 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** CHAMNESS, DEBBIE

**DEFENDANTS** GEO GROUP, INC.

(b) County of Residence of First Listed Plaintiff Howard County (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Howard County (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gerald K. Fugit, P.C.
412 N. Texas Avenue
Odessa, Texas 79761 (432) 332-1661

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ~~☒~~ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ~~☒~~ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury
PERSONAL INJURY: ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting; ☒ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence; Habeas Corpus: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs.; ☐ 660 Occupational Safety/Health; ☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt.Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application; ☐ 463 Habeas Corpus - Alien Detainee; ☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit; ☐ 490 Cable/Sat TV; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding; ☐ 2 Removed from State Court; ☐ 3 Remanded from Appellate Court; ☐ 4 Reinstated or Reopened; ☐ 5 Transferred from another district (specify); ☐ 6 Multidistrict Litigation; ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): ~~5 2302~~ 28:1331 ed

Brief description of cause: Employment Discrimination

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** (See instructions) JUDGE DOCKET NUMBER

DATE April 26, 2012 SIGNATURE OF ATTORNEY OF RECORD Gerald Fugit

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

Corrected jurisdiction and cause of action per phone instructions ~~etc~~ from Atty. Fugit. - RWms.